NOT DESIGNATED FOR PUBLICATION

No. 123,204

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

GLENN WILLIS GUILLORY JR.,
*Appellant*.


MEMORANDUM OPINION


Appeal from Sedgwick District Court; TERRY L. PULLMAN, judge. Opinion filed December 17, 2021. Affirmed.

Submitted by the parties for summary disposition pursuant to K.S.A. 2020 Supp. 21-6820(g) and (h).

Before ARNOLD-BURGER, C.J., HILL and POWELL, JJ.

PER CURIAM: In this sentencing appeal, Glenn W. Guillory Jr. claims the court erred when it sentenced him to six months in jail and a $200 fine. We granted Guillory's motion for summary disposition of his appeal under Supreme Court Rule 7.041A (2021 Kan. S. Ct. R. 48).

The State charged Guillory in early 2017 and he was soon arrested in Texas. He waived his extradition rights and came to Kansas to settle the charges. In 2018, Guillory entered a no contest plea to one count of misdemeanor battery. The parties agreed to a six-month jail sentence, a $200 fine, costs, fees, and credit for time served. Because Guillory had already been in custody for more than six months, he was immediately

1

released. The court found Guillory had "more than satisfied his sentence in this matter" in terms of time served.

We begin by rejecting the State's argument that this appeal is moot. The State argues mootness because Guillory has served his sentence. Indeed, he has served the incarceration period. The law states that, in "an appeal solely challenging a sentence, the party asserting mootness may establish a prima facie showing of mootness by demonstrating that the defendant has fully completed the terms and conditions of his or her sentence." *State v. Roat*, 311 Kan. 581, 593, 466 P.3d 439 (2020). But the State has provided no evidence to show Guillory paid the $200 fine he is appealing. The argument on mootness fails as we do not have enough evidence to determine if Guillory remains obligated to the State under his sentence.

This record discloses that the sentence the court imposed is legal. It is within the statutory limits applicable to his charges. K.S.A. 2015 Supp. 21-6602(a)(2); K.S.A. 2015 Supp. 21-6611(b)(2). "'A criminal sentence that is within statutory limits will not be disturbed on appeal absent a showing of abuse of discretion or vindictiveness on the part of the sentencing court.'" *State v. Brown*, 309 Kan. 369, 375, 435 P.3d 546 (2019).

We see no abuse of discretion here. An abuse of discretion occurs if the judicial action is

- arbitrary, fanciful, or unreasonable;
- based on an error of law; or
- based on an error of fact.

*State v. Ingham*, 308 Kan. 1466, 1469, 430 P.3d 931 (2018).

In other words, "[j]udicial discretion is abused when no reasonable person would have taken the position taken by the trial court." *State v. Gumfory*, 281 Kan. 1168, 1170, 135 P.3d 1191 (2006).

2

Guillory, as the party asserting that the district court abused its discretion, bears the burden of showing such an abuse of discretion occurred. *State v. Thomas*, 307 Kan. 733, 739, 415 P.3d 430 (2018).

Our review of the record reveals that the trial court imposed this sentence based on a no contest plea which both parties agreed to. At the time of sentencing, all parties were aware Guillory would be released after sentencing because he had already completed more than six months in custody. His credit for time served left Guillory responsible for a $200 fine, fees, and costs. For the purposes of this appeal, we are only addressing the six months in custody and the $200 fine.

The $200 fine is on the low end of the spectrum on which Guillory could have been sentenced. K.S.A. 2015 Supp. 21-6611(b)(2) (allowing a fine of up to $1,000 for persons charged with a Class B misdemeanor). Guillory does not explain why he believes the court erred in imposing this fine. Additionally, the trial court was imposing a sentence already agreed to by both parties.

This sentence did not favor one side or the other and was reasonable under the circumstances. Therefore, the trial court's actions were within the bounds of law, reasonable, and were not based on an error of fact. We find no abuse of discretion or vindictiveness.

Affirmed.